UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROWEN SEIBEL<br><br>          Plaintiff,<br><br>v.<br><br>JUDE JEFFREY FREDERICK and JENNIFER FREDERICK,<br><br>          Defendants. | 20 Civ. 2603 (PAE)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

  Plaintiff Rowen Seibel believes that his alleged business partners, defendants Jude Jeffrey Frederick and Jennifer Frederick, have "pillaged" and "divested" their joint endeavor, Rare Partnership LLC ("Rare"), a Nevada limited liability company in the food service business. He first turned to New York state courts for relief, initiating a derivative action on behalf of Rare against defendants on February 3, 2020 (the "State Court Action"). On March 27, 2020, Seibel filed a substantially similar derivative action in this Court; however, Seibel's federal court complaint focused on defendants' use of Rare's funds to defend and indemnify themselves in the State Court Action and sought emergency injunctive relief to prevent continued use of Rare's funds for such purposes. On April 2, 2020—after defense counsel alerted plaintiff's counsel, via email, that Rare's presence as a party would prevent this Court from exercising jurisdiction—Seibel filed an amended complaint, purporting to remove Rare as a party and to bring direct claims against the Fredericks only, while continuing to seek the same preliminary injunctive relief. Dkt. 29 ("AC").

Before the Court is Seibel's motion for a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Because the Court lacks subject matter jurisdiction, it must deny Seibel's motion and dismiss this case at the threshold, without substantively resolving Seibel's request for emergency injunctive relief.

I. **Background**[1]

    A. **The Parties**

Seibel is a citizen of New York, with his business offices in New York, New York. AC ¶ 5. Jude Jeffrey Frederick and Jennifer Frederick are citizens and residents of Nevada. AC ¶¶ 6–7. The Fredericks are a married couple. AC ¶ 7.

Non-party Rare is a Nevada limited liability company with a principal place of business in Las Vegas, Nevada. Seibel alleges that Rare's two members are Seibel and Jude Jeffrey Frederick. AC, Ex. A (state court complaint) ¶¶ 27, 31, 136, 138, 140; OC ¶¶ 32, 46.

    B. **Allegations of the Amended Complaint**

Seibel alleges, upon information and belief, that the Fredericks "have improperly withdrawn thousands of dollars from Rare unlawfully for their own personal benefit." AC ¶ 12. For example, on or about November 12, 2013, Mr. Frederick wired Mrs. Frederick $45,000 from Rare, which, has never been repaid to Rare or distributed to Seibel. AC ¶¶ 13, 17. The Fredericks have used Rare funds toward a down payment on a home and a Mercedes-Benz

---

[1] The Court draws its account of the facts from the submissions on the motion for a temporary restraining order and preliminary injunction, including the AC and exhibits attached thereto; the affidavit of Rowen Seibel in support of the motion, Dkt. 14; the declaration of Robert Garson in support, Dkt. 16, and exhibits attached thereto; the declaration of Brian Katz in opposition, Dkt. 31, and exhibits attached thereto; and the declaration of Jeffrey Frederick in opposition, Dkt. 32. The Court also draws on the original complaint filed in this case for background purposes. Dkt. 1 ("OC").

vehicle. AC ¶¶ 14, 18. The Fredericks also appropriated and used all of Rare's American Express credit card points for their own personal use. AC ¶¶ 23–24.[2]

On March 1, 2020, Seibel filed a complaint against defendants in New York State Supreme Court, seeking redress, on behalf of Rare, for these alleged misappropriations and breaches of fiduciary duty. AC ¶ 1; *see* AC, Ex. A (state court complaint). After filing the State Court Action, plaintiff's counsel sought to ensure that Rare's accounts would not be used to defend or indemnify the Fredericks in that case. AC ¶¶ 28–34. Defendants' counsel disagreed with plaintiff's counsel assessment of the propriety of using Rare's funds for defendants' legal defense. AC ¶ 35; *see* AC, Ex. B (correspondence between counsel).

### C. Procedural History of this Litigation

On March 27, 2020, Seibel filed the OC, as well as a motion for a preliminary injunction and temporary restraining order, Dkt. 13, and supporting documents, Dkts. 14–16. On April 2, 2020, Seibel filed the AC, seeking the same emergency injunctive relief. That same day, defendants filed a memorandum of law in opposition to Seibel's motion, Dkt. 30, and supporting declarations, Dkts. 31–32. On April 6, 2020, Seibel replied. Dkt. 34.

## II. Applicable Legal Standards

To justify a preliminary injunction, a movant ordinarily must demonstrate: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction. *See Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156

---

[2] These allegations form the core of Seibel's State Court Action and the OC here, but appear to serve only as background to the AC.

(2d Cir. 2010) (citation omitted); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks omitted).

However, federal courts are courts of limited jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Federal Rule of Civil Procedure 65 does not itself confer subject matter jurisdiction, and, "'[a]s is true of civil actions generally, an independent basis for asserting federal question or diversity jurisdiction must be shown,' in order for a court to grant preliminary relief." *Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 383–84 (E.D.N.Y. 2016) (quoting 11A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2941 (3d ed.)). Subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). Federal courts have a continuing duty and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case—even *sua sponte*—when they find subject matter jurisdiction lacking. *Durant*, 565 F.3d at 62; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**III.   Discussion**

Seibel claims that the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. AC ¶ 8. Defendants argue that Rare is an indispensable party to this action, and Rare's presence in this action would destroy diversity.

Under Federal Rule of Civil Procedure 19, a court must "dismiss an action where a party was not joined only if: (1) an absent party is required, (2) it is not feasible to join the absent party, and (3) it is determined 'in equity and good conscience' that the action should not proceed among the existing parties." *In re Great Atl. & Pac. Tea Co.*, 467 B.R. 44, 58 n.9 (S.D.N.Y. 2012), *aff'd sub nom. Grocery Haulers, Inc. v. Great Atl. & Pac. Tea Co.*,

4

508 F. App'x 63 (2d Cir. 2013) (quoting *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008)).

> A person must be joined as a necessary party, if feasible, if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"Where a court makes a threshold determination that a party is necessary under Rule 19(a) and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must then determine whether the party is 'indispensable' under Rule 19(b)." *Dunn v. Standard Bank London Ltd.*, No. 05 Civ. 2749 (DLC), 2006 WL 217799, at *2 (S.D.N.Y. Jan. 30, 2006) (citing *Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002)). Rule 19(b) provides that "[t]he court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Rule 19(b) sets forth "factors to be considered by the court" in determining whether an absent party is indispensable. These include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

"In a derivative action," the legal entity on behalf of which a plaintiff sues "is an indispensable party." *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 645 (S.D.N.Y. 2008). "[C]ourts appear unanimous in concluding that the party on whose behalf a derivative claim is brought is

5

indispensable and one whose absence warrants dismissal." *Mazzio v. Kane*, No. 14 Civ. 616 (ARR), 2014 WL 2866040, at *5 (E.D.N.Y. June 24, 2014) (internal quotation marks and citation omitted) (collecting cases).

"Whether a claim is derivative or direct is a question of state law." *Bartfield*, 578 F. Supp. 2d at 645; *see Aboushanab v. Janay*, No. 06 Civ. 13472 (AKH), 2007 WL 2789511, at *6 (S.D.N.Y. Sept. 26, 2007) ("For the purposes of determining whether Plaintiffs have standing to bring a direct rather than an indirect, or derivative claim against Defendants for fraud, the law of the state of incorporation applies."). Rare is incorporated in Nevada. In 2017, the Supreme Court of Nevada adopted Delaware's approach for determining whether a claim is direct or derivative, which "allows a direct claim when shareholder injury is independent from corporate injury." *Parametric Sound Corp. v. Eighth Judicial Dist. Court*, 401 P.3d 1100, 1102 (Nev. 2017) (citing *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004)). Under this approach, "a court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation." *Brunk v. Eighth Judicial Dist. Court*, 449 P.3d 1270, 2019 WL 5110141, at *3 (Nev. 2019) (table) (quoting *Tooley*, 845 A.2d at 1039). Thus, "to bring a direct action, the stockholder must allege something other than an injury resulting from a wrong to the corporation." *Id.* (quoting *Tooley*, 845 A.2d at 1038).

Here, Seibel—despite his eleventh-hour amended pleading that formalistically seeks to remove Rare from the case—alleges claims that belong to Rare because they are based upon harm allegedly done to Rare. The AC's causes of action explicitly recite that defendants have been "taking further monies out of Rare," "taking additional monies out of Rare," "committ[ing] fraudulent actions through their operations of Rare," and "committ[ing] corporate waste." AC

6

¶¶ 40, 48, 54, 60. Additionally, Seibel's motion for emergency injunctive relief seeks an order that Rare be "temporarily enjoined and restrained [from] withdrawing or using funds" for the defense or indemnification of its employees, officers, directors, and agents. Dkt. 13. Such claims are classically derivative in nature. Despite Seibel's late attempt to rebrand this suit as a direct action, it remains plain that his cause of action, if any, is derivative of harms allegedly suffered by Rare, and that the relief Seibel seeks might significantly impede Rare's interests. Seibel cannot claim any injury independent from corporate injury to Rare. Nevada courts applying *Parametric Sound* have found claims such as Seibel's to be derivative. *See, e.g.*, *Brunk*, 2019 WL 5110141, at *3–6 (claims for breach of fiduciary duty derivative, and claims for fraud and negligent misrepresentation derivative where dependent on alleged injuries to corporate entity).[3]

Seibel, therefore, "cannot bring derivative claims on behalf of [Rare] without joining [Rare] as a party to the suit." *Mazzio*, 2014 WL 2866040, at *5; *cf. Gephart v. Merryman*, No. 18 Civ. 1670 (GMN), 2019 WL 208857, at *4–5 (D. Nev. Jan. 15, 2019) (holding LLC indispensable and dismissing case because LLC's presence destroyed diversity). And it appears undisputed that Rare's presence in the suit would destroy diversity: Rare is an LLC, and the citizenship of an LLC is that of each of its members. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *CVP II, LLC v. DTG N.Y. Mgmt. LLC*, No. 16 Civ. 3874 (PAE), 2016 WL 9409023, at *1 (S.D.N.Y. Aug. 26, 2016). Rare is thus a citizen of both New York and Nevada, and not diverse from either Seibel or defendants.

---

[3] Seibel does not cite any Nevada law on this point, but the cases he cites, if anything support defendants' position. *See, e.g.*, *Yudell v. Gilbert*, 949 N.Y.S.2d 380, 384 (1st Dep't 2012) (applying *Tooley* and holding claims derivative because "[i]t is only through loss to [the joint venture] that plaintiffs suffer a loss at all").

7

Courts in this District routinely dismiss cases for lack of subject matter jurisdiction where a purported member of an LLC attempts to sue derivatively on behalf of the LLC. *See, e.g.*, *Lotan v. Horizon Props. LLC*, No. 14 Civ. 3134 (PAC), 2014 WL 2210536, at *1 (S.D.N.Y. May 27, 2014) (dismissing derivative claims brought by member of LLC for lack of subject matter jurisdiction); *DirecTV Latin Am., LLC v. Park 610, LLC*, No. 08 Civ. 3987 (VM) (GWG), 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009) (same); *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (remanding case to New York State court upon finding lack of federal subject matter jurisdiction); *Dykstra v. 6069321 Canada, Inc.*, No. 19 Civ. 688 (GHW), 2019 WL 4688726, at *3–4 (S.D.N.Y. Sept. 25, 2019) (no subject matter jurisdiction in suit by LLC member against LLC as nominal defendant, even where membership in the LLC is disputed). The same logic applies here. Rare is an indispensable party, and its joinder is not feasible. Accordingly, this action must be dismissed.[4] To the extent Seibel seeks relief, he must do so in the State Court Action he has already filed.[5]

---

[4] Because the Court lacks jurisdiction, it does not reach the merits of Seibel's motion for a preliminary injunction. But, as guidance for Seibel should he entertain an appeal of this ruling, even if this Court had jurisdiction, it could and would not issue a preliminary injunction because Seibel has made no showing whatsoever of irreparable harm. Seibel makes only a cursory statement that defendants might take "monies" from Rare without an injunction. Dkt. 34 at 9. But it is hornbook law that where the harm complained of is compensable by monetary damages, there is no showing of irreparable injury. *See, e.g.*, *LSSi Data Corp. v. Time Warner Cable, Inc.*, 892 F. Supp. 2d 489, 501 (S.D.N.Y. 2012) ("Thus, where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." (internal quotation marks and citation omitted)); *Butcher v. Gerber Prod. Co.*, 8 F. Supp. 2d 307, 312 (S.D.N.Y. 1998) ("Irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation, a preliminary injunction will not issue."); *see also Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 331–33 (1999).

[5] The Court has the power to award attorneys' fees, as requested by defendants, following dismissal for lack of subject matter jurisdiction. *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 n.4 (2d Cir. 2003). The Court, however, elects not impose such sanctions.

## CONCLUSION

For the foregoing reasons, the Court denies Seibel's motion for a preliminary injunction and temporary restraining order and dismisses the AC in its entirety. The Clerk of Court is respectfully directed to terminate the motion pending at docket 6 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 13, 2020
       New York, New York

---

While Seibel's pursuit of a federal forum is meritless, the Court cannot as yet find this bid vexatious or in bad faith, especially given the challenging and unique circumstances relating to the COVID-19 pandemic that have temporarily paused non-essential litigation in New York state courts.